# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JONATHAN ARCE,**

    **Petitioner,**

**v.**                                                        **Civil Action No. 5:12cv133**
                                                               **(Judge Stamp)**

**RUSSELL PERDUE, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

On August 31, 2012, the *pro se* petitioner filed a petition under 28 U.S.C. § 2241, challenging the continuation of his sentence, imposed when he was a juvenile, past the date of his 26th birthday. On September 4, 2012, the Clerk of Court issued a Notice of Deficient Pleading, directing petitioner to file his complaint on a court-approved form, and to either pay the full filing fee or file an application to proceed *in forma pauperis* ("IFP") with a copy of his Prisoner Trust Account Report by September 25, 2012, or risk dismissal of his case. On September 26, 2012, petitioner filed his court-approved form complaint. After a Show Cause order was issued on October 22, 2012, petitioner paid the filing fee on October 26, 2012. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

## I. Factual and Procedural History

On October 2, 2009, in the U.S. District Court of New Jersey, at Trenton, petitioner, then a juvenile, entered a plea to Count One of a five-count Juvenile Information, Conspiracy to Commit Robbery, in violation of 18 U.S.C. §5032. On January 28, 2010, petitioner was sentenced to fifty-four months imprisonment, five years supervised release, and $381,133.00

1

restitution without interest.[1] Petitioner did not appeal his conviction, nor has he ever filed a Motion to Vacate under 28 U.S.C. §2255. (D.N.J. Criminal Docket 3:09cr753-1)(SEALED).

On September 19, 2012, approximately two weeks after filing his instant §2241 petition, petitioner filed a Motion to Alter Judgment in the sentencing court. That motion is still pending.

## II. Claims Raised by the Petitioner

The petitioner attacks the legality of his sentence under "18 U.S.C. §5037(C)(2)B and "5A" [sic],[2] asserting that because he was sentenced as a juvenile, both the expiration full term date of January 13, 2015, as well as his current projected release date of August 1, 2014, impermissibly extend beyond the date of his 26th birthday, October 5, 2013. Further, he argues, his sentence of 5-years of supervised release is also unlawful, because no supervision can extend beyond a juvenile's 26th birthday.

Petitioner contends that the reason why his remedy by way of §2255 is inadequate or ineffective to test the legality of his detention is that a "2255 is not the proper vehicle to test legality of the detention because defendant has exceeded the time allotted and 2241 is a better vehicle to challegne [sic] the legality of a sentence."

As relief, he requests that the Court direct the Bureau of Prisons ("BOP") to correct his sentence to reflect that his official detention cannot continue past October 5, 2013, the date of his 26th birthday, and to change the judgment to reflect that he cannot be placed on supervised release.

## III. Analysis

---

[1] The special assessment was waived, pursuant to 18 U.S.C. § 5037(a).

[2] The undersigned presumes that petitioner intended to convey that 18 U.S.C. §§ 5037(c)(2)(B) and (d)(5) apply to his case.

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence modified, he is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an inadequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[3]

Jones, 226 F.3d at 333-34.

---

[3] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
 (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In this case, petitioner is not challenging the execution of his sentence, but instead, he is challenging its legality, because it was imposed while he was a juvenile, and it extends beyond the date of his 26th birthday, allegedly in violation of 18 U.S.C. §5037(c)(2)B and (d)(5).[4]

Although petitioner briefly references the savings clause in his petition, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of <u>Jones</u>, violations of Title 18 U.S.C. §5032 remain criminal offenses, and therefore the petitioner cannot satisfy the second element of <u>Jones</u>. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

## IV. <u>Recommendation</u>

For the foregoing reasons, the undersigned recommends that this matter be **DISMISSED with prejudice.**

**Within fourteen (14) days** after being served with a copy of this recommendation, **or by November 13, 2012**, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

---

[4] The February 1, 2010 District of New Jersey's Judgment in a Criminal Case, attached to petitioner's petition, reflects that petitioner was represented by counsel, and that "[d]efendant waives juvenile status for the purpose of sentencing." (Dkt.# 7-2). Accordingly, it would appear that the provisions of 18 U.S.C. §5037 do not apply to his case.

4

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: October 30, 2012.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE