IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JONATHAN ARCE,

    Petitioner,

v.                                  Civil Action No. 5:12CV133
                                         (STAMP)

RUSSELL PERDUE, Warden

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On August 31, 2012, petitioner Jonathan Arce filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner challenges the continuation past his 26th birthday of a sentence imposed upon him by the United States District Court for the District of New Jersey when he was a juvenile.[2] The petitioner was sentenced on January 28, 2010 to fifty-four months imprisonment to be followed by five years of supervised release, as a result of his October 2, 2009 plea of guilty to Count One of a five-count juvenile information charging him with conspiracy to

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] When the petitioner entered a plea of guilty before the District of New Jersey, he was 20 years of age. When he was sentenced on January 28, 2010, he was 21 years of age. Under 18 U.S.C. § 5037(c)(2), a defendant is a juvenile if he is "between eighteen and twenty-one years old."

commit robbery in violation of 18 U.S.C. § 5032. As a part of this conviction and sentence, he was also ordered to pay restitution without interest in the amount of $381,133.00. The petitioner did not appeal this conviction or sentence, nor has he ever filed a motion to vacate under 28 U.S.C. § 2255. Approximately two weeks after filing this petition under 28 U.S.C. § 2241, the petitioner filed a motion to alter judgment in the sentencing court. To the best of this Court's knowledge, this motion is still pending.

In the petition currently before this Court, the petitioner attacks the legality of his sentence under 18 U.S.C. §§ 5037(c)(2)(B) and (d)(5). He argues that, under these statutory provisions, his sentence cannot extend beyond his 26th birthday, and that both his full term sentence expiration date and his current projected release date extend beyond his 26th birthday on October 5, 2013. He also asserts that his sentence of five years of supervised release is unlawful because supervision of any kind cannot extend past his 26th birthday. He asks this Court to issue an order directing the Bureau of Prisons ("BOP") to correct his sentence and to change the judgment and commitment order to reflect that he cannot be placed on supervised release.

This matter was referred to United States Magistrate Judge James E. Seibert for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Seibert entered a report recommending that the petitioner's § 2241 petition

be denied and dismissed with prejudice based upon his finding that a § 2241 petition is not available to this petitioner as a vehicle by which to obtain the relief sought. The magistrate judge concluded that the petition attacks the validity of the petitioner's sentence rather than the means of execution, and such challenges must be brought pursuant to 28 U.S.C. § 2255. The magistrate judge found that the petitioner cannot rely upon the "savings clause" in § 2255 which permits certain claims to be brought under § 2241 because the petitioner has failed to demonstrate that 28 U.S.C. § 2255 afforded an inadequate or ineffective remedy.

The magistrate judge informed the petitioner that, if he objected to any portion of the report and recommendation, he was required to file written objections within fourteen days after being served with copies of the report. The petitioner did not file any objections.

## II. Legal Standard

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

Having reviewed the magistrate judge's report and recommendation for clear error, this Court agrees that the

petitioner improperly challenges his sentence under § 2241 and that he has failed to demonstrate that 28 U.S.C. § 2255 affords an inadequate or ineffective remedy. Here, the petitioner seeks to challenge the imposition of his sentence through a petition filed under 28 U.S.C. § 2241. Generally, 28 U.S.C. § 2241 petitions must pertain to "an applicant's commitment or detention" and cannot be utilized in an attempt to challenge the imposition of a sentence. However, an exception to this general rule exists through the "savings clause," which allows a federal prisoner to seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997).

The petitioner argues that § 2255 is inadequate or ineffective to test the legality of his detention because he has exceeded the time allotted to file a § 2255 petition, and because "2241 is a better vehicle to challegne [sic] the legality of a sentence." This argument is without merit. It is well settled law that the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 can only be found to be inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of

the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000).

In this case, the petitioner has failed to establish the elements required by Jones. Specifically, 18 U.S.C. § 5032 has not changed since the date of the petitioner's conviction such that the petitioner's conduct would no longer be deemed criminal. Therefore, the petitioner cannot satisfy the second prong of the Jones test, and this Court agrees with the magistrate judge's report and recommendation dismissing the petitioner's § 2241 petition with prejudice.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

## IV. Conclusion

This Court hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge (ECF No. 12) in its

5

entirety.  Accordingly, the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein.

DATED:    December 6, 2012

<pre>
                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE
</pre>